O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>ROGER N. FEARING AND<br>CHRISTINE E. FEARING<br>DEBTORS, | Case No. CV 07-5281-VAP<br>USBC Case No. SV 00-10940-KT<br><br>**[Motion filed on August 18, 2008]** |
| ROGER N. FEARING AND<br>CHRISTINE E. FEARING,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SEROR, CHAPTER 7<br>TRUSTEE,<br><br>Defendants. | **ORDER DISMISSING APPEAL** |

The Court has received and considered all papers filed in support of and in opposition to the Appeal from the Bankruptcy Court's Order denying Debtors Roger N. Fearing and Christine E. Fearing's Motion for Reconsideration of the Court's denial of their Motion and Request for Adequate Protection.  This Appeal, filed by Roger N. Fearing and Christine E. Fearing, is appropriate for resolution without hearing.  <u>See</u> Fed. R. Civ. P. 78;

Local Rule 7-15.  For the reasons set forth below, the Court dismisses the Appeal.

## I. BACKGROUND

Debtors Roger N. Fearing and Christine Fearing ("Appellants") filed a petition for protection under Chapter 11, 11 U.S.C. § 1101, et seq., on January 28, 2000.  (Appellants' Opening Br. Appendix ("Appellants' App.") at 0038-0039.)  They claimed as exempt property a "claim against CSUN [California State University Northridge] and others for personal injury (wife)," "which they valued at $100,000, and a claim for "workers compensation benefits – wife's injury," which they valued at $40,000.  (<u>Id.</u> at 0047-0048.)  On Schedule A attached to their petition, Appellants stated the value of their residence was $500,000 and the amount of secured claims against the house was $912,771.  (<u>Id.</u> at 0128.)  Appellants filed an amended Schedule A stating the value of the house was $560,000 and the amount of secured claims against it was $944,771.  (<u>Id.</u>)  In Schedule C attached to their petition, Appellants claimed a homestead exemption of $75,000.  (<u>Id.</u>)

On December 21, 2001, the Bankruptcy Court entered its "Order of Confirmation of First Amended Plan of Reorganization (As Modified)."  (<u>Id.</u> at 0204.)  In pertinent part, the Order stated as follows:

1   "8. Notwithstanding any reference in the PLAN, as

2   filed, to the treatment accorded to the FTB, the PLAN

3   is hereby amended by substituting therefor, the terms

4   of Exhibit "4" hereto, the Letters of August 8, 2001

5   and August 14, 2001 from Anthony Sgherzi, Esq. To

6   Robert Yespan, Inc.[1]

7

8   9. Notwithstanding any reference in the PLAN, as

9   filed, to the treatment accorded to the IRS, the PLAN

10  is hereby amended by substituting therefor the terms

11  of Exhibit "5" hereto being the Stipulation sent by

12  Mary Schewatz to Robert M. Yaspan, and the

13  modifications contained in the Letter of Robert M.

14  Yaspan to Mary Schewatz, dated October 23, 2001,

15  attached hereto as Exhibit "6".[2]   (Id. at 0206-

16  0207.)

17  ///

18  _____

19      [1] Paragraph 7 of Exhibit 4, referred to by the
    Bankruptcy Court's Order, stated: "With respect to the
20  Franchise Tax Board's secured claim filed in this case,
    the total unpaid balance of the claim will be immediately
21  due and payable upon sale or refinance of the property
    securing the claim, or, transfer to anyone other than one
22  of the debtors."  (Appellee's Opening Br. at 5;
    Appellee's Supplemental Excerpts of Record ("Appellee's
23  App.") 42.)

24      [2] Paragraph 4 of Exhibit 5, referenced by the
    Bankruptcy Court's Order stated: "[T]he secured claim of
25  the IRS shall be paid in full in cash or certified check
    within 6 months of the effective date of the Plan.  The
26  debtors anticipate that the payment will be made out of
    the proceeds from the sale of their home.  However, the
27  debtors may use other means to pay the secured claim in
    full within 6 months."  (Appellee's Opening Br. at 5-6;
28  Appellee's App. at 47.)

1    Under the terms of the approved Plan, the Plan would
2  be funded by several alternative sources, including the
3  sale or refinancing of Appellants' house and Ms.
4  Fearing's potential settlement with the California State
5  University, Northridge, estimated at $100,000.  (Id. at
6  0196.)

7

8    On January 28, 2003, the Bankruptcy Court granted the
9  Chapter 7 Trustee's motion for an order approving the
10 sale of the Fearing residence ("Sale Order").  (See
11 Appellant App. at 0241, 0052; Appellee App. at 014.)  The
12 order approved the sale of the property to Samuel and
13 Aileen Jones for $775,000.00 "free and clear of all
14 liens, interests and claims; disputed liens, interests
15 and claims; and all liens, interests and claims not of
16 record...."  (Id. at 0054.)  The Bankruptcy Court also
17 issued an "Order Denying Debtors' Motion to Require
18 Trustee to Abandon Debtors' Home" ("Abandonment Order")
19 on January 28, 2003.  (See Appellee App. at 014.)

20

21   Appellants filed a notice of appeal from the sale
22 order on February 7, 2003 with the Bankruptcy Court, as
23 well as an emergency motion for a stay pending appeal.
24 (Id.)  The Bankruptcy Court denied the emergency motion
25 on February 11, 2003.  (Id.)  On February 12, 2003,
26 Appellants filed an emergency motion for a stay pending
27 appeal with the United States Bankruptcy Appellate Panel
28

4

of the Ninth Circuit ("BAP").  (Id.)  Pursuant to 28
U.S.C. § 158(c)(1), the Trustee filed an election to have
the appeal heard by the United States District Court, the
Honorable Judge Timlin.  (Id.)

Appellants filed a notice of appeal from the Sale
Order and an appeal of the Abandonment Order on March 10,
2003 and March 12, 2003, respectively, with Judge Timlin.
(Id.)  The Trustee filed a motion to dismiss the appeal
from the Sale Order as moot.  (Id.)  Judge Timlin denied
Appellant's emergency motion for stay pending appeal as
moot and granted the Trustee's motion to dismiss the
appeal as moot on May 14, 2003.  (Id.)

On June 10, 2003, the Trustee filed a motion to
dismiss the Appellants' appeal to the Abandonment Order
as moot.  (Id.)  On September 30, 2003, Judge Timlin
granted the motion to dismiss the appeal as moot because
the property was already sold to good faith purchasers,
pursuant to 11 U.S.C. § 363(m); thus, the property was
"no longer the Trustee's property to abandon." (Id. at
018.)

Appellants appealed from the order denying the
emergency stay and the dismissal of their appeal of the
Bankruptcy Court's order approving the sale of their
residence as moot, to the Ninth Circuit Court of Appeals.

1   (See id. at 020.)  On July 18, 2005, the Ninth Circuit
2   affirmed Judge Timlin's September 30, 2003 order
3   dismissing the Appellants' appeal and the abandonment
4   motion as moot.  (See id. at 020-023.)  The Ninth
5   Circuit's opinion hinged on Appellants' failure to obtain
6   a stay during their appeal, resulting in the sale of the
7   residence.  (Id.)  The Ninth Circuit declined to
8   dismantle the sale, finding the District Court did not
9   err when it affirmed the Bankruptcy Court's finding that
10   the buyers of the property were "good faith purchasers,"
11   within the meaning of 11 U.S.C. § 363(m).  (Id.)  The
12   Ninth Circuit did not reach the merits of Appellants'
13   arguments about the validity of the Bankruptcy Court's
14   order approving the sale of the residence because it
15   found the underlying appeal moot.  (Id.)  Appellants
16   filed a petition for a writ of certiorari with the United
17   States Supreme Court; it was denied on January 6, 2006.
18   (See id. at 024.)
19

20     Before the flurry of Appellants' appeals, the Trustee
21   filed a Complaint for Declaratory Relief with the
22   Bankruptcy Court on September 24, 2003.  (See Appellant
23   App. at 0001.)  The Complaint sought a judicial
24   declaration whether or not Appellants were entitled to be
25   paid any portion of the proceeds from the sale of the
26   residence, specifically the $75,000 the Appellants
27   claimed as their homestead exemption. (See id. at 0005.)
28

On March 16, 2006, Appellants filed a "Motion for
Adequate Protection, and That Trustee be Made to Prove,
on the Record, That This Court Has Jurisdiction Over This
Proceeding." (Appellant App. at 0189.) The Bankruptcy
Court denied Appellants' motion on May 9, 2007.
Appellants then filed a motion for reconsideration, which
was denied on May 30, 2007. (See Appellant Opening Br.
at 5.)

On July 28, 2006, the Bankruptcy Court granted the
Trustee's motion for summary judgment and entered the
following declaratory judgment: "Defendants Christine E.
Fearing and Roger N. Fearing are not entitled to any
portion of the proceeds from the Trustee's sale of the
real property located at 23240 Burbank Boulevard,
Woodland Hills, California 91367." (Appellee App. at 01-
02.) Appellants filed a "Motion to Alter or Amend
Judgment" on August 4, 2006. (See id. at 06-07;
Appellant App. at 0299.) Finding no basis to alter or
amend the judgment, the Bankruptcy Court denied the
motion on May 30, 2007. (Id.)

The Fearings appeal from the Bankruptcy Court's
denial of their motion for reconsideration of its denial
of their motion and request for adequate protection.
(See Appellants' Opening Br. at 5-6.) Appellants filed
their Opening Brief and Appendices on August 18, 2008.

7

1   Appellee David Seror filed his Opening Brief and
2   "Supplemental Excerpts of Record" on September 3, 2008.
3   Appellants filed their Reply on September 17, 2008.
4
5              **II. JURISDICTION AND STANDARD OF REVIEW**
6        Title 28 U.S.C. § 158(a) governs the jurisdiction of
7   a federal district court to entertain an appeal from a
8   bankruptcy court; it provides in pertinent part: "The
9   district courts of the United States shall have
10  jurisdiction to hear appeals . . . from final judgments,
11  orders, and decrees."
12
13       The reviewing court reviews the bankruptcy court's
14  conclusions of law de novo.  See Siriani v. Northwestern
15  Nat'l Ins. Co., 967 F.2d 302, 303-04 (9th Cir. 1992).
16  Findings of fact, however, are reviewed for clear error.
17  See id.  Under this standard, "a reviewing court cannot
18  reverse unless it has a definite and firm conviction that
19  the court below committed a clear error of judgment in
20  the conclusion it reached upon a weighing of the relevant
21  factors."  See In re Sunnymead Shopping Ctr. Co., 178
22  B.R. 809, 814 (B.A.P. 9th Cir. 1995).
23
24                     **III. DISCUSSION**
25       Appellants appeal from the Bankruptcy Court's denial
26  of their Motion for Reconsideration of the Court's denial
27  of their Motion and Request "for Adequate Protection and
28

                               8

1  That Trustee be Made to Prove, on the Record, That This
2  Court Has Jurisdiction Over This Proceeding...."  (<u>See</u>
3  Appellants' Opening Br. at 5-6.)  This is not an
4  appealable final order issued by the Bankruptcy Court
5  over which this Court has appellate jurisdiction.  <u>See</u> <u>In</u>
6  <u>re Daniels-Head & Associates</u>, 819 F.2d 914, 918 (9th Cir.
7  1987; <u>In re Martech USA, Inc.</u>, 188 B.R. 847, 849 (B.A.P.
8  9th Cir. 1995) ("Orders that determine and affect
9  substantive rights and have the potential to cause
10  irreparable harm to the losing party are immediately
11  appealable so long as they finally determine the discrete
12  issue to which they are addressed.")

13

14      The Bankruptcy Court denied Appellants' Motion and
15  Request because the jurisdiction of the Bankruptcy Court
16  to approve the sale of the Fearing residence previously
17  had been decided and affirmed on appeal by the District
18  Court and the Ninth Circuit.  (<u>See</u> Appellee App. at 09;
19  Appellants App. at 0263-0264, 0273.)  The Bankruptcy
20  Court's Order at issue did not "finally determine the
21  discrete issue" of the Court's jurisdiction because, at
22  that point in the proceedings, the issue was already "law
23  of the case."  <u>See</u> <u>Moore v. Jas. H. Matthews & Co.</u>, 682
24  F.2d 830, 834 (9th Cir. 1982); <u>Disimone v. Browner</u>, 121
25  F.3d 1262, 1266 (9th Cir. 1997); <u>United States v. United</u>
26  <u>States Smelting Refining & Mining Co.</u>, 339 U.S. 186, 198

27

28

1   (1950).  Pursuant to 28 U.S.C. § 158(a), the Court lacks

2   appellate jurisdiction over this appeal.

3

4        In any event, all arguments raised on appeal are

5   barred by the "law of the case" doctrine; they all seek

6   to attack an aspect of the order approving the sale of

7   the Fearing residence.  See Moore v. Jas. H. Matthews &

8   Co., 682 F.2d at 834; Disimone v. Browner, 121 F.3d at

9   1266; United States v. United States Smelting Refining &

10  Mining Co., 339 U.S. at 198.  This Court, the Honorable

11  Robert J. Timlin, already has reviewed these issues, and

12  the Ninth Circuit has affirmed its ruling.  (See

13  Appellee's App. at 29-39.)

14

15                    **IV. CONCLUSION**

16       For the foregoing reasons, the Court dismisses the

17  Appeal for lack of jurisdiction.

18

19

20

    Dated:  October 21, 2008        _____

21                                   VIRGINIA A. PHILLIPS
                                     United States District Judge
22

23

24

25

26

27

28